KNOLL, Judge.
Lawrence Embry Morrow, Jr. appeals the trial court’s judgment in favor of his ex-wife, Linda Allen Morrow, declaring their pre-marital agreement null and void. Mr. Morrow contends that: (1) Mrs. Morrow’s minority, seventeen years of age, on the date of their marriage rendered the marriage contract a relative nullity; and (2) her second signature, dated shortly after the marriage and after she had attained ejghteen years of age, cured the defect of minority and rendered the marriage contract valid and enforceable. The sole issue is whether the trial court erred in finding the marriage contract null and void. We affirm. ,
The parties were married in Lafayette on November 25, 1978, when Mrs. Morrow was seventeen years of age. The marriage contract establishing a separate property regime was signed by both parties on November 24, 1978, the day before the wedding. Mrs. Morrow’s signature appears twice on the contract; the first signature is dated November 24, 1978, and the second signature, immediately below the first, is dated November 30, 1978. Mrs. Morrow was an unemancipated minor prior to her marriage to Mr. Morrow and both her parents were living. It is undisputed that she did not obtain parental consent to enter into the pre-marital contract. Mrs. Morrow’s eighteenth birthday was on November 30, 1978. Mr. Morrow contends that Mrs. Morrow ratified the marriage contract by signing it the second time. He contends that she signed it on December 1, 1978, after her eighteenth birthday, but that she dated the contract November 30, 1978. Mrs. Morrow denies signing the contract after she reached the age of majority, but contends that she signed the document twice on November 28, 1978, while she was still a minor, and dated each signature as instructed by her husband.
At the time the parties contracted for a separate property regime, LSA-C.C. Art. 1785 expressed the general incapacity of minors to contract. However, it enumerated certain exceptions to the general incapacity, one of which stated, “His stipulations in a marriage contract, if made with the consent of those whose authority is in such case required by law, are also valid.” Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975).
The exception to which Article 1785 refers was set forth in LSA-C.C. Art. 2330, which governed marriage contracts. It provided:

“The minor, who is capable of contracting matrimony, may give his consent to any agreements which this contract is susceptible of; and the agreements entered into and the donations he has made by the same, are valid, provided that, if he be not emancipated, he has been assisted in the agreement by those persons whose consent is necessary to his marriage. ”

Thus, an unemancipated minor can enter into a marriage contract, but only with the consent of both parents, or the survivor, if one be dead, or the tutor, if both are dead. Wilkinson, supra.
In the present case, when Mrs. Morrow first signed the agreement on November 24, 1978, she was an unemanci-pated minor and she signed the instrument without parental consent. Thereby she failed to meet the requirements to overcome the incapacity of a minor to contract, which rendered the agreement null. Mr. Morrow admits that Mrs. Morrow’s signature on November 24, 1978, rendered the marriage contract a nullity, but contends that it was only a relative nullity and that she subsequently ratified the contract by signing it on December 1, 1978. We disagree. The law in effect at the time the Morrows signed the marriage contract prohibited contracts between husband and wife. LSA-C.C. Art. 1790 provided:
*804 “Besides the general incapacity which persons of certain descriptions are under, there are others applicable only to certain contracts, either in relation to the parties, such as a husband and wife, tutor and ward, whose contracts with each other are forbidden; or in relation to the subject of the contract, such as purchases, by the administrator, of any part of the estate which is committed to his charge, and the incapacity of the wife, even with the assent of the husband, to alienate her dotal property, or to become security for his debts. These take place only in the cases specially provided by law, under different titles of this Code. ”
Agreements reached under Article 1790 are relative nullities and can be ratified when the incapacity is removed. Lewis v. Hagar, 326 So.2d 519 (La.App. 3rd Cir.1976). Therefore, whether Mrs. Morrow signed the marriage contract on November 28, 1978, or December 1, 1978, she could not have ratified the contract because the inter-spousal incapacity under Article 1790 was still in effect. The legislature did not repeal Article 1790 until September 7, 1979. Since the record is void of any evidence of ratification by Mrs. Morrow after September 7, 1979, the marriage contract was not ratified by Mrs. Morrow. Therefore, the trial court did not err in declaring the marriage contract null and void.
For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed against the appellant, Lawrence Embry Morrow, Jr.
AFFIRMED.